UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER M. CROSBY, | ) |
| Plaintiff, | ) |
| | ) 15 C 6396 |
| v. | ) Hon. Marvin E. Aspen |
| SEARS HOLDING CORP., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff Christopher M. Crosby's *pro se* motion against to vacate an arbitration award for Defendant Sears Roebuck and Co. ("Sears") pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. (First Am. Mot. (Dkt. No. 41).)[1] For the reasons stated below, we deny Plaintiff's motion.

**BACKGROUND**

Plaintiff filed a complaint against Defendant on July 22, 2015 alleging Sears, his former employer, discriminated against him based on race, color, and sex beginning in March 2013. (Compl. (Dkt. No. 1) ¶¶ 6, 9.)[2] Plaintiff specifically alleges that Defendant terminated his employment as assistant store manager, failed to stop harassment, retaliated against him, failed to investigate his allegations of discrimination, failed adhere to his employment agreement, and failed to follow the company's progressive action policy, all on account of his race and sex.

---

[1] Plaintiff filed two documents both titled "Plaintiff's First Amended Motion to Vacate Arbitration Award" at Docket Numbers 40 and 41. Both filings appear to contain identical motions but include different attachments. For the purposes of our analysis, we cite to Docket Number 41, but we have considered all attachments filed by Defendant.
[2] Plaintiff filed the same complaint at Docket Numbers 1 and 6. We hereinafter cite only Docket Number 1.

(*Id*. ¶¶ 12, 17, PageID#: 9–11.) After the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue on April 24, 2015, Plaintiff filed his *pro se* employment discrimination complaint against Defendant pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2 and 42 U.S.C § 1981).[3] (Compl. ¶¶ 7–9, PageID#: 8.)

In response to the complaint, Defendant filed a motion to compel arbitration, which we referred to Magistrate Judge Michael Mason. (Dkt. Nos. 14, 18.) Judge Mason found that Plaintiff entered into a valid arbitration agreement with Defendant, that no genuine issue of material fact existed as to whether Plaintiff had submitted the requisite form to Defendant to opt out of the arbitration agreement, that Plaintiff's complaint fell within the scope of the arbitration agreement, and that Plaintiff had refused to proceed to arbitration. (Report and Recommendations (Dkt. No. 28) at 7–11.) Accordingly, Judge Mason recommended that we grant Defendant's motion to compel arbitration. (*Id.* at 11.) Plaintiff did not object to the Report and Recommendations by the deadline ordered by Judge Mason. We thereafter issued an order adopting the report and recommendations, granting Defendant's motion to compel arbitration, and staying this action pending arbitration. (Dkt. No. 29.)

On July 21, 2017, former Magistrate Judge Arlander Keys, the parties' arbitrator, granted summary judgment for Defendant and dismissed all of Plaintiff's claims, which included counts of discrimination, harassment, fraud, retaliation, hostile work environment, breach of contract, and slander. (Arbitration Award (Dkt. No. 39) at 10).) The arbitrator determined that Plaintiff did not sustain his burden of showing that there was a genuine issue of material fact regarding any of Plaintiff's claims. (*Id.* at 7–10.) After learning of the arbitration award, we lifted our stay on August 28, 2017.

---

[3] It appears Plaintiff filed his EEOC charge through counsel. (Compl. ¶¶ 7–9, PageID#: 7–8.) Plaintiff filed the instant lawsuit without representation.

On September 11, 2017, Plaintiff filed a motion in this Court to vacate the arbitration award, arguing that the arbitrator was partial and manifestly disregarded the law. (First Am. Mot. ¶ 3.) In response, Defendant filed a brief in opposition to Plaintiff's motion to vacate the award and requesting we dismiss Plaintiff's case with prejudice. (Def.'s Resp. (Dkt. No. 42).)

## LEGAL STANDARD

The FAA provides limited circumstances where a federal court may vacate an arbitration award.[4] Under the FAA, a federal court may vacate an arbitration award only on one or more of the following grounds: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrator[] . . . ; (3) where the arbitrator[] w[as] guilty of misconduct in refusing to postpone the hearing . . . or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrator[] exceeded [his or her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). "A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Cremin v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 434 F. Supp. 2d 554, 559 (N.D. Ill. 2006) (citing *Wallace v. Buttar*,

---

[4] Plaintiff seeks vacation of the arbitration award under both the FAA and the Illinois Arbitration Act, 710 ILCS 5/12. (First. Am. Mot. at 1.) Since the arbitration agreement explicitly states that it is enforceable under the FAA, and because the parties do not contest that the FAA applies to this agreement, we apply the FAA to the present dispute. (Arbitration Policy (Dkt. No. 15, Ex. A) at 2). *See also In re Raymond Prof'l Grp., Inc.*, 397 B.R. 414, 429 (Bankr. N.D. Ill. 2008) ("[T]the grounds for vacating an arbitration award under the Illinois Act and FAA on grounds pertinent here are virtually identical in that both statutes provide for vacating an award where the arbitrators exceeded their powers, 9 U.S.C. § 10(a)(4); 710 ILCS 5/12(a)(3), or where the award was obtained by improper means 9 U.S.C. § 10(a)(1); 710 ILCS 5/12(a)(1).").

3

378 F.3d 182, 189 (2d Cir. 2004)); s*ee also Affymax, Inc. v. Ortho-McNeil-Janssen Pharms., Inc.*, 660 F.3d 281, 284 (7th Cir. 2011) ("This list [of grounds for vacation] is exclusive; neither judges nor contracting parties can expand it.").

Even if the court is convinced that an arbitrator committed serious error, this alone does not suffice to overturn the arbitrator's decision. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38, 108 S. Ct. 364, 371 (1987) A court must grant an arbitration award great deference so long as "the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Id.*; *see also Chi. & N. W. Transp. Co. v. United Transp. Union*, 905 F.2d 171, 173 (7th Cir. 1990) ("[A] federal court is to determine only whether or not the arbitrator interpreted the agreement, not if the arbitrator's interpretation of the agreement is correct.").

## ANALYSIS

In his motion to vacate the arbitration award, Plaintiff argues we should vacate the arbitration award because the arbitrator was partial and manifestly disregarded the law in ruling on Defendant's motion for summary judgment. Specifically, Plaintiff contends the arbitrator's award failed to "point out" particular documents in the record that Plaintiff believes created a genuine issue of material fact. (First Am. Mot. at 2.) We find that Plaintiff failed to meet his burden of establishing a valid ground for vacating the arbitrator's decision, and accordingly deny his motion.

I. **Partiality**

Plaintiff first argues we should vacate the arbitration award because the arbitrator was partial to Defendant by failing to consider evidence in the record. (*Id.* at 2, 5.) Specifically, Plaintiff alleges Judge Keys acted partially by failing to consider "several key documents" and

4

"material facts" in the arbitration award, including Plaintiff's deposition testimony that Sears confiscated only black managers' keys after a theft; evidence showing Plaintiff's prior refusal to communicate with the store manager, David Jennings, "due to racial differences";[5] and Sears' policies requiring reasons for an associate's termination to be clearly documented and explained to associates.[6] (First Am. Mot. at 2–4.) Plaintiff seems to argue that the evidence establishes his claims, but was ignored by Judge Keys.

"[W]hen a claim of partiality as to an arbitration award is made, the court is under an obligation to scan the record to see if it demonstrates evident partiality on part of the arbitrators." *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1258–59 (7th Cir. 1992) (requiring consideration of all relevant portions of the arbitration transcript "that contain the alleged instances of evident partiality or other misbehavior, and any written submissions in the form of objections, affidavits, etc. by the parties."). To set aside an arbitration award for partiality, "[t]he interest or bias of an arbitrator must be direct, definite, and capable of demonstration rather than remote, uncertain, or speculative." *Tamari v. Bache Halsey Stuart Inc.*, 619 F.2d 1196, 1200 (7th Cir. 1980), *cert. denied*, 449 U.S. 873, 101 S. Ct. 213 (1980) (internal citation omitted). Finally, to succeed on a motion to vacate on the basis of partiality, "[t]he losing party in arbitration must show that partiality is more than just possible or plausible by pointing to sufficient concrete evidence that would enable a reasonable person to conclude that there is a legitimate question as to the partiality of the arbitrator." *Admin. Dist. Council 1 of Ill.*

---

[5] In his motion, Plaintiff suggests that Defendant improperly withheld requested information about "a racial dispute with Dave Jennings." (First Am. Mot. at 2–3.) Any allegations of impropriety during Discovery are irrelevant to Plaintiff's allegations of the arbitrator's partiality.
[6] Plaintiff also mentions three "major conditions" of his employment that Defendant allegedly "overlook[ed]" presumably in its firing of Plaintiff. (First Am. Mot. at 4–5.) As Plaintiff only alleges Defendant failed to consider this evidence, not the arbitrator, we do not consider these arguments in our analysis of arbitrator partiality.

*of Int'l Union of Bricklayers & Allied Craftworkers, AFL-CIO v. Masonry Co., Inc.*, 941 F. Supp. 2d 912, 917 (N.D. Ill. 2012); s*ee also, e.g.*, *Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 148, 89 S. Ct. 337, 339 (1968) (finding an arbitrator was partial based on an undisclosed ongoing business relationship with a party).

In reviewing the arbitration record before us, we disagree that the arbitrator failed to consider "several key documents" in reaching his arbitration award, let alone that the arbitrator did not consider evidence because of bias against Plaintiff. In his award, the arbitrator explicitly stated that he considered the entire record, including Plaintiff's briefs and submissions responding to Defendant's motion for summary judgment, Plaintiff's entire deposition transcript, sworn declarations, and a recording of Plaintiff's unemployment benefit appeal hearing. (Arbitration Award at 2–3.) Contrary to Plaintiff's claims, the arbitrator specifically referred to each of the three pieces of evidence on which Plaintiff's motion is grounded. First, Judge Keys referenced the office key confiscation that Plaintiff alleges the arbitrator ignored. (First. Am. Mot. at 2; Arbitration Award at 5.) Second, Judge Keys discusses Plaintiff's statements about his relationship with Jennings and Jennings' statement that Plaintiff "refus[ed] to periodically discuss his performance during the PIP" because of "racial harassment." (*See* Arbitration Award at 5–6.) Third, the arbitrator considered Sears' policies requiring clear explanation and documentation of reasons for an employee's termination in his award. (*Id.* at 8.)

Plaintiff fails to point to any document or piece of material evidence that the arbitrator ignored. Rather, Plaintiff disagrees with how the arbitrator weighed the evidence in the record in making his decision. Plaintiff's mere disapproval with the arbitrator's analysis and conclusions does not constitute an adequate basis to vacate the award. *Patrizzi & Co Auctioneers SA v. SDG Corp.*, No. 11 C 3589, 2011 WL 5077422, at *5 (N.D. Ill. Oct. 25, 2011) ("[T]he arbitrator

considered [evidence Patrizzi claims the arbitrator ignored] but found other evidence more persuasive. Patrizzi disagrees with the arbitrator's factual conclusions, but an alleged factual error does not allow the Court to overturn the arbitration award."); *Metter v. Wachovia Sec., LLC*, No. 08 C 2239, 2008 WL 4395086, at *2 (N.D. Ill. Sept. 23, 2008) ("Plaintiff's argument that the panel [of arbitrators] was wrong in its decision is insufficient to show that the arbitrators were partial or biased."); *see also Fanning v. Bear Stearns & Co.*, No. 91 C 1461, 1991 WL 169057, at *1 (N.D. Ill. Aug. 27, 1991) ("Courts are extremely deferential to arbitrators. A court may not vacate an arbitration award merely because it disagrees with the arbitrator's determination of law or fact."). We therefore conclude that Plaintiff has not met his burden of proving partiality and find no evidence of prejudice or bias in the arbitration record.

## II. Manifest Disregard for the Law

Plaintiff also alleges that the arbitrator's decision demonstrates manifest disregard for the law. (First. Am. Mot. at 1.) Manifest disregard for the law is not listed as a basis for vacation of an arbitration award in § 10 of the FAA. 9 U.S.C. § 10. In *Hall Street Associates, LLC v. Mattel, Inc.*, the Supreme Court held that the enumerated provisions of § 10 of the FAA provide the "exclusive" grounds for vacatur of an arbitration award. 552 U.S. 576, 590, 128 S. Ct. 1396, 1406 (2008). Since *Hall Street*, the Seventh Circuit has held that "'manifest disregard of the law' is not a ground on which a court may reject an arbitrator's award under the [FAA]" unless the arbitrator's award directs the parties to violate the law. *Affymax*, 660 F.3d at 284; *see also Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1026 (7th Cir. 2013) ("[E]ven 'manifest disregard of the law is not a ground on which a court may reject an arbitrator's award' unless it orders parties to do something that they could not otherwise do legally (*e.g.*, form a cartel to fix prices).") (citing *Affyman*, 660 F.3d at 285). Plaintiff's

7

motion to vacate contains no basis for finding that the arbitrator ordered the parties to violate the law. While Plaintiff may disagree with the arbitrator's conclusions, mere mistakes made by an arbitrator in an otherwise careful analysis fall outside the scope of our limited judicial review. *Hyatt Franchising, L.L.C. v. Shen Zhen New World I, LLC,* No. 16 C 8306, 2017 WL 1397553, at *6 (N.D. Ill. Apr. 19, 2017) (slip op.), *aff'd*, 876 F.3d 900 (7th Cir. 2017). Because Plaintiff never claims that the arbitration award requires the parties to violate the law, we cannot vacate the award based on manifest disregard of the law.

## CONCLUSION

For the reasons above, we deny Plaintiff's motion to vacate the arbitration award with prejudice with each side bearing their own costs. (Dkt. Nos. 40–41.) We are bound by the arbitrator's decision, which is a final determination of all of Plaintiff's claims. Therefore, Plaintiff's claims are dismissed with prejudice and the case is terminated. It is so ordered.

*/s/ Marvin E. Aspen*
Marvin E. Aspen
United States District Judge

Dated: March 20, 2018
Chicago, Illinois